Dear Ms. Winborne:
You advise this office that Mr. Triad McCoy holds the position of Victims Assistance Coordinator for the Office of the District Attorney for the 7th Judicial District. You ask this office to advise whether the law prohibits Mr. McCoy from also serving in the elective office of alderman for the Town of Vidalia.
The Dual Officeholding and Dual Employment Laws, La.R.S. 42:61,et seq., set forth prohibitions concerning the holding of certain public offices and employments. For this reason, our analysis first requires us to determine how the positions are characterized under the dual officeholding definitions.
A municipality and the office of the district attorney are considered separate political subdivisions for purposes of the dual officeholding laws, under La.R.S. 42:62(9):
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district authorized by law to perform governmental functions. In addition for purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrar of voters, and all other elected parochial officials shall be separate political subdivisions. (Emphasis added).
An alderman holds "elective office" within the political subdivision of a municipality. See La.R.S. 42:62(1).[1] *Page 2 
The position of Victims Assistance Coordinator is considered an "appointive office" under the dual officeholding provisions because it is an office of a "department which is specifically established . . . by the . . . laws of this state . . . which is filled by appointment or election by an elected or appointed public official" under La.R.S.42:62(2). The position of Victims Assistance Coordinator is specifically created by statute and filled by the district attorney. La.R.S. 16:17
provides, in part:
 A. There is hereby created, within each judicial district in the office of the district attorney, a victims assistance program. The purpose of the program shall be to assist victims and their families through the entire criminal justice process and to facilitate the delivery of victims' services and rights as provided by law.
 B. There shall be a full-time victims assistance coordinator for each judicial district. In judicial districts exceeding one hundred thousand persons there shall be one full-time victims assistance coordinator for each one hundred thousand persons or portion thereof which exceeds fifty thousand persons.
 C. The victims assistance coordinator shall be paid an annual salary not to exceed thirty thousand dollars, including benefits. This salary shall be payable monthly by the state treasurer upon the warrant of the district attorney and may be supplemented by local funds as may become available to the district attorney.
La.R.S. 42:63(D)[2] prohibits a person from holding both an elective office and a full-time appointive office in the government of a political subdivision of the state. Of further import here is the language of La.R.S. 16:17(B), requiring the position of Victim Assistance Coordinator to be held on a full-time basis.
Because the appointive office of Victims Assistance Coordinator is required to be held on a full-time basis, Mr. McCoy is prohibited by La.R.S. 42:63(D) from holding at the same time the elective office of alderman. To avoid a continued violation of the dual officeholding provisions, Mr. McCoy must resign from one of these positions. *Page 3 
This opinion is limited to an examination of the dual officeholding statutes. Any other questions concerning the Code of Governmental Ethics should be forwarded to the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, LA 70808, phone 225-763-8777.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ KERRY L KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] R.S. 42:62(1) provides:
(1) "Elective office" means any position which is established or authorized by the constitution or laws of this state by the charter or ordinances of any political subdivision thereof, which is not apolitical party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
[2] R.S. 42:63(D) provides, in part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. . .